UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JUN - 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |  |
|---|---|---|
| THE HASKELL COMPANY<br>111 Riverside Avenue<br>Jacksonville, Florida 32202,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF JUSTICE<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20530-0001,<br><br>and<br><br>ALBERTO R. GONZALES, in his<br>official capacity as Attorney General,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NUMBER  1:05CV01110<br><br>JUDGE: Rosemary M. Collyer<br><br>DECK TYPE: FOIA/Privacy Act<br><br>DATE STAMP: 06/03/2005 |

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, The Haskell Company ("Haskell"), by and through its undersigned counsel, alleges the following:

1. This action is brought under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 et. seq. and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 for injunctive and other appropriate relief, and seeks the processing and release of agency records requested by plaintiff from the Federal Bureau of Prisons ("FBOP"), an agency of the U.S. Department of Justice ("Justice").

1

## JURISDICTION AND VENUE

2. This court has both subject matter over this action and personal jurisdiction over Defendant Justice pursuant to 5 U.S.C. §§ 552(a)(4)(B). This court also has subject matter jurisdiction over this action and personal jurisdiction over both Defendants Justice and Gonzales pursuant to 28 U.S.C. 1331 and 5 U.S.C. §§ 701-706. Defendant Gonzales is a party to this suit pursuant only to plaintiff's cause of action under the APA, 5 U.S.C. § 702. Venue of this action is properly laid in the United States District Court for the District of Columbia pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

3. Plaintiff, Haskell, provides complete architectural, engineering, construction, real estate and facility management services on a single-responsibility basis. The company's projects include manufacturing plants, distribution centers, medical facilities, low-temperature structures, office buildings, hotels and resorts, parking structures and institutional facilities. The geographical scope of Haskell's work spans the Western Hemisphere, including Canada, the Caribbean and Latin America. Haskell's principal office is located at 111 Riverside Avenue in Jacksonville, Florida.

4. Defendant, Justice, is a federal administrative agency within the meaning of the APA and FOIA and oversees the FBOP. The headquarters for Justice is located at 950 Pennsylvania Avenue, NW in Washington, D.C.

5. Defendant Alberto R. Gonzales is Attorney General and heads the U.S. Department of Justice. Defendant Gonzales is responsible for compliance with the laws of the United States and promulgations thereunder, including the laws and regulations at issue in this case.

## FACTS

### PLAINTIFF'S FOIA REQUEST DATED ON OR ABOUT JULY 7, 2004

6. Plaintiff made ten specific requests to the FBOP pursuant to FOIA on or about July 7, 2004 (FOIA Request No. 2004-04904) for documents related to the construction of two Federal Correctional Institutions in Yazoo City, Mississippi. Plaintiff's request was in conformance with the requirements for such a request (Haskell's FOIA request dated on or about July 7, 2004 attached hereto as Exhibit A).

### FBOP'S ESTIMATED FEE OF MORE THAN $44,000 TO PRODUCE DOCUMENTS

7. The FBOP responded to plaintiff's request on or about October 24, 2004 estimating that it would take a search in excess of 1,550 hours by FBOP professional personnel to provide the documents that plaintiff requested. The FBOP further estimated that the request would result in the duplication of more than 7,000 pages of documents. Accordingly, the FBOP estimated fees of at least $44,100.00 for responding to plaintiff's July 7, 2004 FOIA request.

8. The FBOP further stated that plaintiff's request was not considered received pursuant to 28 C.F.R. § 16.11(i)(2) until receipt of payment for the estimated fees. The FBOP proposed that plaintiff narrow its request to meet its information needs at a lower cost (FBOP's letter dated on or about October 24, 2004 attached hereto as Exhibit B).

### PLAINTIFF'S REQUEST FOR IDENTIFICATION OF DOCUMENT VOLUMES

9. Plaintiff contacted the FBOP in writing on or about November 9, 2004, to clarify the identification of the number of document volumes in an effort to comply with the FBOP's request that plaintiff narrow its request to meet its information needs at a lower cost. Plaintiff requested: (1) a listing of the volume of documents, to be stated by either reference to the number of boxes or the number of file drawers, and (2) a statement of hours corresponding to

each of the ten requests. Plaintiff stated that such information was needed to evaluate the FBOP's fee estimate. Plaintiff also offered to review the documents itself on-site (Plaintiff's request for identification of the number of document volumes dated on or about November 9, 2004 attached hereto as Exhibit C).

## FBOP'S FAILURE TO RESPOND TO PLAINTIFF'S REQUEST FOR INFORMATION

10. Defendant failed to respond to plaintiff's letter of November 9, 2004, and thus has not provided any reasonable basis for its estimate that it would take FBOP professional personnel at least 1,550 hours to respond to plaintiff's ten specific document requests from its July 7, 2004 FOIA request.

11. Plaintiff filed an administrative appeal pursuant to 5 U.S.C. § 552(a)(6)(A)(ii) and 28 C.F.R. §16.9 on or about December 17, 2004 (Appeal No. 05-0634), with the Department of Justice's Office of Information Privacy after the statutory period for a response to plaintiff's request had lapsed (administrative appeal attached hereto as Exhibit D and a copy of defendant's acknowledgment of its receipt of plaintiff's administrative appeal filed December 17, 2004 attached hereto as Exhibit E). The statutory period for responding to plaintiff's appeal has also elapsed and defendant did not request an extension for issuing a decision.

12. The Court now has jurisdiction as Plaintiff has exhausted all administrative remedies with respect to its FOIA request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

## CAUSES OF ACTION

### First Cause of Action:

### Violation of the Freedom of Information Act for Failing to Timely Respond

13. Plaintiff repeats and realleges paragraphs 1 – 12.

14. The documents covered by plaintiff's ten specific requests are identifiable records within the meaning of the Freedom of Information Act. The FBOP's exorbitant fee estimate and refusal to provide critical information with respect to that estimate or to provide the requested documents constitutes an improper withholding of agency records in violation of FOIA, 5 U.S.C. § 552 as well as defendant's own regulations promulgated thereunder.

## Second Cause of Action:

## Violation of the Administrative Procedures Act for Failing to Timely Respond

14. Plaintiff repeats and realleges paragraphs 1-12.

15. The FBOP's exorbitant fee estimate and its refusal to provide critical information with respect to that estimate or to provide the requested documents is arbitrary, capricious, or otherwise not in accordance with the law, and violates the APA, 5 U.S.C. §§ 701-706.

## REQUESTED RELIEF

WHEREFORE, plaintiff requests judgment for:

1. An order compelling defendant to process the requested records in their entireties;

2. An order compelling defendant to release the requested records in their entireties on-site and to make it possible for plaintiff to make copies at a reasonable cost per page;

3. Award plaintiff its costs and reasonable attorneys' fees; and

4. Such other and further relief the Court may deem proper.

DATED: June 1, 2005

Tenley A. Carp
Attorney for Plaintiff, The Haskell Company
D.C. Bar No. 432491
McGuireWoods LLP
1050 Connecticut Avenue N.W., Suite 1200
Washington, DC 20036-5317
Tel: 202-857-1741 Fax: 202-828-2969