UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE HASKELL COMPANY, )
)
Plaintiff, )
)
v. ) Civil Action No. 05-1110 (RMC)
)
U.S. DEPARTMENT OF JUSTICE, *et al.* )
)
Defendants. )

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR AN ENLARGEMENT OF TIME**

Plaintiff opposes defendants' June 29, 2005 motion for an enlargement of time under Rule 6(b) of the Federal Rules of Civil Procedure.

Unlike most causes of action against the federal government, the Freedom of Information Act ("FOIA") provides that the defendants must file a responsive pleading within thirty days of service of the complaint. 5 U.S.C. § 552(a)(4)(C). Congress clearly intended that FOIA require that federal agencies timely respond to requests and administrative appeals with strict time limits, as "'excessive delay by [an] agency in its response is tantamount to denial.'" *Ray v. United States Dept. of Justice*, 770 F.Supp. 1544, 1547 (S.D. Fla. 1990) (quoting H.R. REP. NO. 93-876 (1974), *reprinted in* 1974 U.S.C.C.A.N 6267, 6271). Accordingly, Congress has codified its preference that the courts consider these claims on an expedited basis. 28 U.S.C. § 1657(a).

Here, defendants have continually failed to timely respond to plaintiff's reasonable requests. The Federal Bureau of Prisons never responded to plaintiff's November 9, 2004 request for clarification. After the statutory response period lapsed, plaintiff filed an

administrative appeal with the Office of Information Privacy on December 17, 2004. Again, defendants did not respond, which resulted in the filing of this action on June 3, 2005 after the statutory appeal period lapsed. Consequently, almost one year has passed since plaintiff filed its initial July 7, 2004 FOIA request and such an "excessive delay," which is wholly the result of the government's inaction, is tantamount to a denial of documents that plaintiff properly requested.

Now, defendants wish to delay this action even further, despite their awareness of the shortened period for responding to FOIA claims and the Congressional preference of expedited review of such claims.

Moreover, defendants' counsel waited until she was already out of town and less than a week before the answer was due, until filing the motion for an enlargement of time. If defendants' counsel knew that she had plans to be out of the office for a substantial period of time prior to the deadline for filing an answer in response to plaintiff's complaint, she should have made alternative arrangements at work or contacted plaintiff's counsel earlier. Plaintiff should not be prejudiced because it needs timely access to government records, which plaintiff has a right to under FOIA, simply because this action was filed at a time that was inconvenient for defendants' counsel.

Rule 6 is intended to force the parties to be diligent in litigation. *See Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996); *see also Fed. Deposit Ins. Corp. v. Bender*, 127 F.3d 58, 67 (D.C. Cir. 1997) (time limits assist the District Court in maintaining docket control and deciding pleadings efficiently and effectively). Courts are generally liberal in granting enlargements requested before a filing due date. In this case, however, defendants' counsel has not been diligent with regards to a planned absence, even though plaintiff's cause of action is pursuant to FOIA.

2

Accordingly, plaintiff asks the Court to deny defendant's motion for an enlargement of time. In the alternative, plaintiff asks that any enlargement should be no longer than three days such that defendant's answer is due on or before July 8, 2005.

DATED: June 30, 2005                    ___/s/_____
                                        Tenley A. Carp
                                        D.C. Bar No. 432491
                                        Attorney for Plaintiff, The Haskell Company


                                        McGuireWoods LLP
                                        1050 Connecticut Avenue N.W., Suite 1200
                                        Washington, DC 20036-5317
                                        Tel: 202-857-1741
                                        Fax: 202-828-2969


\\COR\433328.1