UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE HASKELL COMPANY**  )<br>)<br>)<br>**Plaintiff,** )<br>)<br>v.    )<br>)<br>**U.S. DEPARTMENT OF JUSTICE,** *et. al.* )<br>)<br>)<br>**Defendants.** )<br>)<br>_____) | Civil Action No. 05-1110 (RMC) |

### DEFENDANT'S MOTION TO DISMISS

Come now Defendants, the U.S. Department of Justice *et. al.* ("Defendants"), by and through the U.S. Attorney for the District of Columbia, and respectfully move, pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss this action in its entirety. In support of its motion, Defendants submit a Memorandum of Points and Authorities, and the Declarations of Richard J. Formella and Ruthlee Gowins with Exhibits A-G.

July 19, 2005.                                                       Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

_____
JULIA K. DOUDS
Special Assistant United States Attorney
Civil Division

-1-

                    555 4th Street, N.W.
                    Washington, D.C.  20530
                    (202) 514-5134
                    Julia.Douds@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE HASKELL COMPANY** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>v.  )<br>)<br>**U.S. DEPARTMENT OF JUSTICE,** *et. al.* )<br>)<br>)<br>**Defendants.** )<br>)<br>_____) | Civil Action No. 05-1110 (RMC) |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiff brings this action against the Federal Bureau of Prisons ("BOP"), a component of the U.S. Department of Justice, and Alberto Gonzales, in his official capacity as Attorney General, under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Administrative Procedure Act, 5 U.S.C. § 701 et. seq., ("APA"), seeking the release of documents related to the "construction of two Federal Correctional Institutions in Yazoo City, Mississippi." See Pl's Complaint ¶¶ 1, 6. As discussed below, Plaintiff's complaint should be dismissed in its entirety because of Plaintiff's failure to exhaust administrative remedies. Further, Plaintiff cannot establish that BOP's search and duplication fee estimates were arbitrary and capricious.

**FACTUAL AND PROCEDURAL BACKGROUND**

On or about March 18, 2004, Plaintiff electronically submitted a FOIA request to the BOP for twelve distinct document types. See Attachment A. By letter dated May 13, 2004,

-1-

BOP informed Plaintiff that the voluminous records request would involve a "lengthy search for responsive documents" involving 2,950 search hours, resulting in estimated search fees of $82,600.00 and reproduction fees of $1,000. See Attachment B. BOP also informed Plaintiff that it could discuss with BOP officials ways to narrow its request. BOP further advised Plaintiff that no further action on the search or reproduction would occur until Plaintiff paid the fees in advance or reformulated its request. Id. By letter dated June 11, 2004, Plaintiff requested that no further action on its request be taken at that time. See Attachment C.

Four months after the initial request, by letter dated July 7, 2004, Plaintiff submitted a revised FOIA request with a narrowed search. See Attachment D. Specifically, the request was narrowed to ten distinct document types. Id. By letter dated October 20, 2004, the BOP advised Plaintiff that the estimated fees of the revised request would be $43,400.00 in search fees and $700.00 in duplication fees (for a total of $44,100.00).[1] See Attachment E. The estimated search time for the revised request was 1,550 hours. Id. Again, the BOP extended an offer to help Plaintiff narrow its search and informed Plaintiff that no further action would be taken until the fees were paid in advance or Plaintiff modified its request. Id.

Shortly thereafter, by letter dated November 9, 2004, Plaintiff demanded that the BOP list the documents by volume and state the number of hours anticipated for each individual request. See Attachment F. In the alternative, Plaintiff requested entry into a federal facility to search and retrieve the documents. Id. By letter dated December 17, 2004, Plaintiff appealed BOP's fee estimate. On June 3, 2005, Plaintiff filed this civil action.

---

[1] The fees were estimated, therefore any amount charged over the actual cost would have been refunded to Plaintiff. Gowins Decl. ¶ 12.

As of this date, the BOP has not received any payment of any fees owed. Moreover, Plaintiff has not requested a fee waiver, or explained why it would be entitled to a fee waiver. Accordingly, Plaintiff has failed to exhaust its administrative remedies and Plaintiff's complaint should be dismissed in its entirety.

## ARGUMENT

### A. Standard of Review

Plaintiff bears the burden of establishing subject matter jurisdiction, see Miller v. United States, 710 F.2d 656, 662 (10th Cir.), cert. denied, 464 U.S. 939 (1983); Baird v. United States, 653 F.2d 437, 440 (10th Cir. 1981), cert. denied, 454 U.S. 1144 (1982). See Dickson v. United States, 831 F. Supp. 893, 896-897 (D.D.C. 1993), aff'd 48 F.3d 562 (D.C. Cir. 1995). A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways. First, the court may determine the motion based solely on the complaint. Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See id. Applying these standards, the Court should dismiss Plaintiff's Complaint in its entirety.

### B. Plaintiff Has Not Paid Fees and Therefore Has Not Exhausted Administrative Remedies

It is well-established in administrative law that "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." McKart v. United States, 395 U.S. 185, 193 (1969). Exhaustion of such administrative remedies is required under the FOIA before a party can seek judicial review. Dettmann v. United States Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986). A FOIA requester is deemed to have

failed to exhaust administrative remedies whenever the requester does not comply with the administrative process set forth under the FOIA, including: (1) failure to provide the required proof of identity, Summers v. United States Dep't of Justice, 999 F.2d 570, 572-73 (D.C. Cir. 1993); (2) failure to reasonably describe the records being sought, Gillin v. IRS, 980 F.2d 819, 822-23 (1st Cir. 1992); (3) **failure to comply with fee requirements**, Trueblood v. United States Dep't of Treasury, 943 F.Supp. 64, 68 (D.D.C. 1996); and (4) failure to administratively appeal a denial of information, Oglesby v. United States Dep't of the Army, 920 F.2d 57 (D.C. Cir. 1990). Where a FOIA plaintiff attempts to obtain judicial review without first properly undertaking full administrative exhaustion, his lawsuit is subject to immediate dismissal for lack of subject matter jurisdiction. Id.

Here, Plaintiff's lawsuit should be dismissed because of its failure to comply with the Department of Justice's fee requirements. The FOIA provides that "each agency shall promulgate regulations... specifying the schedule of fees applicable to the processing of requests under this section and establishing procedures and guidelines for determining when such fees should be waived or reduced." 5 U.S.C. § 552(a)(4)A)(i). The FOIA further provides that "[d]ocuments shall be furnished without charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(A)(4)(A)(iii).

Pursuant to these provisions, the Department of Justice has promulgated guidelines for determining when fees should be waived. These regulations require the agency to consider four factors in determining whether requested information is sufficiently likely to contribute

significantly to the public understanding of the government to warrant a fee waiver. Specifically, the DOJ must consider whether (1) the subject of the requested records concerns the operations or activities of the United States government; (2) disclosure is likely to contribute to an understanding of these operations or activities; (3) disclosure will contribute to public understanding of United States government operations or activities; and (4) disclosure is likely to contribute significantly to this public understanding.  See 28 C.F.R. § 16.11 (k) (1998).  In addition, the DOJ's regulations provide that:

> In cases in which a requester has been notified that actual or estimated fees amount to more than $25.00, **the request shall not be considered received and further work shall not be done on it until the requester agrees to pay the anticipated total fee**.

28 C.F.R. § 16.11 (e)(1998) (emphasis added).  The burden is on the requester to establish its entitlement to the fee waiver.  See Larson v. C.I.A, 843 F.2d 1481, 1483 (D.C. Cir. 1988).

In this case, by letter dated October 20, 2004, Plaintiff was advised that "It has been determined that [Plaintiff's] request will involve a lengthy search for responsive documents. Specifically, it is estimated that [Plaintiff's] request will involve a search of more than 1,550 hours. . . " Plaintiff was further advised that "In accordance with 28 C.F.R. § 16.11(i)(2), [Plaintiff] will need to make an advance payment of $44,100.00 by check or money order before the BOP can begin processing [Plaintiff's] request.  In the alternative, [Plaintiff] can narrow the scope of [Plaintiff's] request to meet [Plaintiff's] needs at a lower cost.  See Exhibit E.

As of this date, the BOP has not received any payment of any fees owed, nor has Plaintiff modified its request to meet its needs at a lower cost.  Moreover, Plaintiff has not requested a fee waiver, or explained why it would be entitled to a fee waiver.  Accordingly, Plaintiff has failed to comply with the fee regulations and, consequently, failed to exhaust its administrative

remedies, and its claims against Defendants should be dismissed.

**C.  BOP's Estimated Search and Duplication Fees Were Not Arbitrary and Capricious**

Even if Plaintiff were deemed to have exhausted all administrative remedies, BOP's estimated search and duplication fees were not arbitrary and capricious.  When the Department of Justice receives a properly formatted FOIA request and determines the request will result in fees that exceed $250.00, the requester may be required to pay in advance before action is taken.  28 C.F.R. § 16.11(i)(2) (2003).  Pursuant to 28 C.F.R. §16.11 (c), in responding to FOIA requests, a component shall charge fees unless a fee waiver or reduction of fees is granted.  Agency action in relation to fees should be upheld unless it is found to be arbitrary or capricious, in accordance with the Administrative Procedure Act, 5 U.S.C. §§ 701-706,.  See Judicial Watch, Inc., v. United States Dep't of Justice, 122 F. Supp. 2d 5,11 (D.D.C. 2000).

**1.  Standard of Review Under the APA**

The APA empowers a court to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "in excess of statutory jurisdiction, authority, limitations, or short of statutory right."  5 U.S.C. § 706(2)(A),(C); see also Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 413-15 (1971).  Although the judiciary bears the responsibility under the APA to set aside agency decisions that meet this description, see MD Pharmaceutical, Inc. v. Drug Enforcement Admin., 133 F.3d 8, 16 (D.C. Cir. 1998), "[t]he scope of review under the 'arbitrary and capricious standard' is narrow and a court is not to substitute its judgment for that of the agency."  Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co., 463 U.S. 29, 43 (1983).  Rather, the court's task is to determine whether the agency's decision is "within the

bounds of reasoned decision making." <u>Baltimore Gas & Elec. Co. v. Natural Resources Defense Council</u>, 462 U.S. 87, 105 (1983).  This highly deferential standard presumes the agency action to be valid.  <u>See</u> <u>Kisser v. Cisneros</u>, 14 F.3d 615, 619 (D.C. Cir. 1994); <u>see also</u> <u>International Broth. of Teamsters v. United States</u>, 735 F.2d 1525, 1534 (D.C. Cir. 1984).

### 2. The Estimated Search Fee Was Not Arbitrary and Capricious

The estimated fees assessed to process Plaintiff's FOIA request were neither arbitrary nor capricious.  The estimate was based on information provided to the FOIA office by BOP Staff responsible for maintaining the records in question.  A request for records was sent to the Construction Contracting Branch (CCB) of the BOP for document retrieval.  CCB notified the FOIA Office that the records were stored in two locations:  Yazoo City, Mississippi and Suitland, Maryland.  <u>See</u>  Formella Decl. ¶ 3.

In the Yazoo location the documents are stored in 15 five-drawer file cabinets.  <u>Id</u>.  The cabinets are kept in a secure location at the Federal Correctional Complex.  <u>Id</u>.  At the Suitland location the documents are stored in 54 boxes.  <u>Id</u>.  Both the cabinets and boxes contain documents not associated with Plaintiff's request.  <u>Id</u>.  Further, the cabinets and boxes were scheduled for destruction and therefore are not necessarily maintained in any particular order.  <u>Id</u>.

Due to the nature of the request, it was determined a BOP staff member with knowledge of the type of documents being requested would need to physically open and search each drawer of each file cabinet to determine if any piece of paper was responsive to Plaintiff's request.  <u>Id</u>. ¶ 4.  This same search procedure would have to be used for the 54 boxes located in Suitland, MD.  <u>Id</u>.

In addition, the condition of the file cabinets and its contents are not known, and the same is true of the 54 boxes; therefore, the documents may be fragile and worn, which could make for an even more tedious search. Id. ¶ 5. Without knowledge of exactly how many pages of information are located in each drawer and each box and assuming that each drawer and box is full, a best estimate of one minute of search time per page of information would be necessary to determine if the document was responsive. Id. Thus, BOP concluded that this search would take approximately 1,550 hours at a rate of $28.00 per hour which equals $43,400.00 to conduct the search. Id. Hence, in accordance with 28 C.F.R. §16.11 (c)(1)(ii), Plaintiff was charged for the estimated hours it would take to review each document to determine if its responsiveness to the request, at a rate of $28.00 hour, and no further action was taken on the request at that time. 28 C.F.R. § 16.11(e), (i)(2); See Pollack v. Dept. of Justice, 49 F.3d 115, 120 (4th Cir. 1995) (Department of Justice need not proceed to fulfill a FOIA request if it will exceed $ 250.00 unless the requester agrees to pay.).

In response to the October 20, 2004, BOP fee letter, by letter dated November 9, 2004, Plaintiff asked for a listing of the volume of documents, to be stated by either reference to the number of boxes or the number of file drawers, and a statement of hours corresponding to each of the ten requests. Plaintiff stated that such information was needed to independently evaluate the fee estimate. Plaintiff further offered to review the documents on-site so it could independently determine which documents were responsive, and to be allowed to make copies. Plaintiff did not pay the fee or modify the request at that time.

No statutory basis exists for Plaintiff's request, which is in essence an attempt to force the BOP to do for free what Plaintiff is required to pay for. The demands Plaintiff makes in its

-8-

November 9, 2004, letter is an attempt to have the BOP look for and retrieve records in order to create a document for its review, or in the alternative, look for and retrieve records in order to congregate them for its review. To provide an itemized list such as that suggested in Plaintiff's November 9, 2004, letter would require the BOP to conduct the same type of review (i.e. a BOP staff member opening each file and cabinet and drawer searching for responsive records) as discussed more fully above. Formella Decl. ¶ 7. Accordingly, Plaintiff's November 9, 2004, request is the very definition of a search for which pre-payment is required. See 28 C.F.R. § 16.11 (b)(8).

In short, to satisfy Plaintiff's request, the BOP would need to search through the 15 five-drawer file cabinets in Yazoo, and the 54 boxes in Suitland to find the specific files that are responsive to Plaintiff's request. The search process is the basis of the search fees; the BOP is not required to perform such a search absent payment. Blackman v. United States Dep't of Justice, No 01-3004, slip op. at 6-7 (D.D.C. July 12, 2001)(noting that in order for agency to conduct search of its records, requester must be responsible for necessary fees).

In regards to Plaintiff's request to have access to the facility in order to determine what, if any, records are responsive to its request. The records are kept in a secure area that is not accessible to non-Bureau personnel (Fromella Decl. ¶ 7), and the BOP is under no obligation to permit Plaintiff to enter one of its secure federal facilities and allow Plaintiff to conduct its own search. Furthermore, allowing Plaintiff to go through the files is, in essence, allowing Plaintiff access to documents which might otherwise be subject to redaction or withholding and is therefore not an option.

The BOP's imposition of $ 43,400.00 in search fees was neither arbitrary nor capricious.

As discussed above, the amount was based on a specific fee amount as outlined by federal regulation, in relation to a specified number of estimated hours. Without affidavits proving "allegations of impropriety in setting the fees," the BOP owes no duty to Plaintiff to undertake this excessively time consuming and expensive exercise, especially when the financial burden falls squarely on the Plaintiff. Nat'l Treasury Employees Union v. Griffin, 811 F.2d 644, 650 (D.C. Cir. 1987). Further, the BOP is under no obligation to allow Plaintiff to enter one of its secured federal facilities and permit Plaintiff to conduct its own search. Thus, the BOP has met its statutory duty in responding to Plaintiff's FOIA request.

### 3. The Estimated Duplication Fee Was Not Arbitrary and Capricious

The second aspect of the BOP's estimated fees are duplication costs. The duplication costs in this case were estimated at $700.00 for over seven thousand (7000) pages of documents. Formella Decl. ¶ 5. This estimate is based on a cost of ten cents per page pursuant to 28 C.F.R. §16.11(c)(2). The "duplication" charges represents the reasonable "direct costs" of making copies of documents. Plaintiff has failed to pay any duplication cost associated with its request.

By letter dated October 20, 2004, Plaintiff was notified of the duplication costs involved in the processing of the FOIA request and that no further action would be taken unless payment was made. In response to the fee letter Plaintiff did not ask for a waiver, did not modify the request and did not pay the fee. The cost associated with paper duplication are regulatory in nature, and in making its assessment of duplication fees Defendant fully complied with the regulations. Likewise, as discussed in Section 2 above, the estimated search fees were based on a specific fee amount as outlined by federal regulation, in relation to a specified number of estimated hours.

Thus, under the highly deferential 'arbitrary and capricious standard' the BOP's search and duplication fee estimates were "within the bounds of reasoned decision making," <u>Baltimore Gas & Elec. Co.</u>, 462 U.S. 87, 105 (1983), and the BOP's fee estimates should not be disturbed.

## **CONCLUSION**

Plaintiff submitted a FOIA request to the BOP, and the BOP responded to Plaintiff's request informing Plaintiff that it was required to remit fees to cover the search and duplication expenses. However, the record demonstrates that Plaintiff failed to comply with the fee regulations: Plaintiff did not remit any fees, did not narrow its request, or ever file a request for a fee waiver. Thus, Plaintiff did not exhaust its administrative remedies. Moreover, Defendants have demonstrated that its assessment of search and duplication fees was not arbitrary and capricious, and was based on specific fee amounts as outlined by federal regulation. Accordingly, Defendants have fulfilled its obligations under FOIA and dismissal of Plaintiff's complaint in its entirety is warranted.

July 19, 2005                                    Respectfully submitted,

                                                                   _____
                                                                   KENNETH L. WAINSTEIN
                                                                   D.C. Bar No. 451058
                                                                   United States Attorney


                                                                   _____
                                                                   R. CRAIG LAWRENCE
                                                                   D.C. Bar No. 171538
                                                                   Assistant United States Attorney


                                                                   _____
                                                                   JULIA K. DOUDS
                                                                   Special Assistant United States Attorney
                                                                   555 Fourth St., N.W.
                                                                   Washington, D.C. 20530
                                                                   (202) 514-5134