UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE HASKELL COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, and ALBERTO R. GONZLAES, in his official capacity as Attorney General,<br><br>Defendants. | Civil Action No.: 05-1110 (RMC) |

### DECLARATION OF RICHARD J. FORMELLA

I, Richard J. Formella, do hereby declare and state the following:

1. I am currently the Chief, Construction Contracting Section at the Federal Bureau of Prisons (BOP), Administration Division, Washington, D.C. I have been employed in this position since December 2003; however, I have been employed with the Bureau of Prisons since January of 1986. My duties include being responsible for the review and over site of all construction contracts for new federal prison facilities.

2. In April 2004, A Request for Records Pursuant to the Freedom of Information Act was received in the Construction Contracting Section from the BOP Freedom of Information/Privacy Act Office (FOIA) requesting copies of several documents associated with the construction of two (2) federal prisons located in Yazoo City, Mississippi. Subsequently, we received a modified request reducing the number of documents. (See attached). The Request for Records instructed this office to determine if the records still existed and if so, the amount of time it would take to

1

search for the requested documents and once found the number of copies associated with fulfilling the request.

3. After due diligence and research, the location of the boxes which may have contained the documents responsive to the Request for Records was found. The documents were stored in two locations: Yazoo City, Mississippi and Suitland, Maryland. In the first location, Yazoo City, the documents are stored in 15 file cabinets which have 5 drawers per cabinet. The cabinets are kept in a room in the Powerhouse at the Federal Correctional Complex, Yazoo City, MS. The second location, Suitland, Maryland, the documents are stored in 54 boxes. It should be noted that those cabinets and boxes do not exclusively contain the requested documents. Additionally, the documents were scheduled for destruction and therefore are not necessarily maintained in any particular order.

4. Due to the nature of the request, it was determined a BOP staff member with knowledge of the type of documents being requested would need to physically open and search each drawer of each file cabinet to determine if any piece of paper was responsive to the Request for Records. This same search procedure would have to be used for the 54 boxes located in Suitland, MD.

5. The condition of the file cabinets and its contents are not known, the same is true of the 54 boxes; therefore, the documents may be fragile and worn making for an even more tedious search. Without knowledge of exactly how many pages of information are located in each drawer and each box, and assuming that each drawer and box is full, a best estimate of one minute of search time per page of information would be necessary to determine if the document was

responsive. This would equal to a best estimate of 1,550 hours at a rate of $28.00 per hour which equals $43,400.00. It was estimated that a total of 7,000 pages of documents could be found to be responsive to this Request for Records. At a rate of ten cents per page which equals $700.00.

6. The aforementioned figures are only estimates and could very well change once an actual physical search of file cabinets and boxes are conducted; therefore, the amounts being charged could drastically increase. Without knowing the actual contents of each file drawer in each file cabinet and the contents of each of the 54 boxes, a page by page search of the contents is the only procedure by which a complete search can be conducted.

7. The 2 locations in which these documents are maintained are secure facilities, to which access is not allowed to the general public. Additionally, in order to provide an itemized list such as that suggested in the complainant's November 9, 2004 letter would require the same procedures as outlined in paragraphs four and five above.

I declare under the penalty of perjury, pursuant to Title 28 U.S.C. § 1746, the foregoing is true and correct to the best of my information, knowledge and belief.

Executed this _18th_ day of July 2005, at Washington, D.C.

Richard J. Formella, Chief
Construction Contracting Section
Federal Bureau of Prisons
Washington, D.C.