UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THE HASKELL COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-1110 (RMC) |
| U.S. DEPARTMENT OF JUSTICE, *et al.* | ) ) ) | |
| Defendants. | ) ) ) ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, The Haskell Company ("Plaintiff" or "Haskell"), opposes the Federal Bureau of Prison's ("FBOP's" or "Defendant's") July 19, 2005 motion to dismiss this action in its entirety under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defendant's motion is based on two erroneous arguments: (1) that Plaintiff has failed to exhaust its administrative remedies; and (2) that Plaintiff cannot establish that the FBOP's search and duplication fee estimates were arbitrary and capricious. Defendant's second argument is not only erroneous, but it is also immaterial to a motion to dismiss for lack of subject matter. This argument is improperly raised and should be ignored in the disposition of Defendant's motion. Plaintiff hereby disproves both of Defendant's arguments.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant's recitation of the factual and procedural background is not entirely accurate and Plaintiff hereby sets forth a correct version of the facts. Plaintiff submitted its initial Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, request to the FBOP for documents

related to the construction of two Federal Correctional Institutions in Yazoo City, Mississippi on March 18, 2004 and was truly shocked to learn that the FBOP planned to charge $83,600.00 for copies of the documents. Plaintiff's submitted its amended, more narrowly focused FOIA request to the FBOP on July 7, 2004 and was still dismayed to learn that the FBOP planned to charge $44,100 for copies of the documents. In an effort to further amend its FOIA request to bring the cost of the search and copying for the ten (10) document requests within a reasonable fee and time frame (currently cited by the FBOP as taking one individual working 40 hours a week over the next <u>three years and two months</u>), Plaintiff sent a request to the FBOP on November 9, 2004 asking for a listing of the volume of documents and a statement of the number of hours that the FBOP anticipated it would spend to respond to each individual request. Plaintiff was planning to amend its FOIA request based on the answers to these questions, but Plaintiff's request for such information was completely ignored. In Plaintiff's November 9, 2004 letter, Plaintiff also offered to review the documents at the FBOP location to assist the FBOP in the search for the requested documents. This amended FOIA request was similarly unanswered.

After approximately six more weeks of stonewalling from the FBOP, Plaintiff filed an appeal with respect to the improperly withheld documents and excessive search and copying fee with the U.S. Department of Justice ("DOJ"). After nearly six months of complete silence from DOJ, plaintiff filed this complaint.

## ARGUMENT

### A.  Plaintiff Has Exhausted Its Administrative Remedies.

Defendant argues that plaintiff has failed to exhaust its administrative remedies by failing to comply with fee requirements. In support of its argument, Defendant manipulates the facts by

stating, "As of this date, the BOP has not received any payment of any fees owed, nor has Plaintiff modified its request to meet its needs at a lower cost." Def.'s Mot. to Dismiss at 5.

Payment of fees is not required for Plaintiff to exhaust its administrative remedies. The D.C. Circuit has held that "[b]y virtue of a special provision virtually unique to FOIA, exhaustion is complete--for purposes of allowing recourse to the courts--on the expiration of specified deadlines." *Spannaus v. United States Dep't of Justice*, 824 F.2d 52, 58 (D.C. Cir. 1987). FOIA provides that "[a]ny person making a request to any agency for records shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph." 5 U.S.C. § 552(a)(6)(C). These time limit provisions give an agency 20 business days to respond to an initial FOIA request, *see* 5 U.S.C. § 552(a)(6)(A)(i), and 20 business days to respond to an administrative appeal of the initial agency determination, *see* 5 U.S.C. § 552(a)(6)(A)(ii). Defendant's regulations, however, provide that it has only 10 business days to respond to an initial FOIA request. *See* 28 C.F.R § 16.5(d)(4). In fact, under FOIA's statutory scheme, when an agency fails to comply in a timely fashion to a proper FOIA request, it may not insist on the exhaustion of administrative remedies, *see* 5 U.S.C. § 552(a)(6)(C). Therefore, based on the record before the Court, it is clear that Plaintiff exhausted its administrative remedies prior to bringing suit.

In Defendant's letter to Plaintiff dated October 20, 2004, Defendant invited Plaintiff to narrow the scope of its request to meet its needs at a lower cost. Notwithstanding Defendant's motion asserting otherwise, Plaintiff sent its November 9, 2004 letter to the FBOP for exactly that reason; Plaintiff sought to obtain enough information to modify its request to meet its needs at a lower cost, but the FBOP completely ignored Plaintiff's letter. Subsequently, Plaintiff filed

3

its administrative appeal on December 17, 2004 with the DOJ's Office of Information Privacy pursuant to 5 U.S.C. § 552(a)(6)(A)(ii) and 28 C.F.R. § 16.9, which was 27 business days after Plaintiff's request for additional information. After waiting almost six months for a determination from Defendant, Plaintiff filed this suit on June 1, 2005. Defendant could have extended these deadlines by giving written notice that it needed more time to process Plaintiff's request but instead chose to ignore the request entirely. *See* 5 U.S.C. § 552(a)(6)(B). Accordingly, Defendant has clearly not complied with the timeliness requirements of FOIA, or even its own regulations, in responding to Plaintiff's November 9, 2004 request or Plaintiff's December 17, 2004 administrative appeal.

Defendant also mischaracterizes the exhaustion requirement in its motion when asserting that the payment of fees is required for exhaustion. Def.'s Mot. to Dismiss at 4. Defendant cites *Trueblood v. United States Dep't of Treasury*, 943 F. Supp. 64 (D.D.C. 1996) in support of this proposition. In *Trueblood*, however, the Court held that "'[e]xhaustion of [administrative remedies] does not occur until the required fees are paid **or** an appeal is taken from the refusal to waive fees.'" *Id.* at 68 (quoting *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 66 (D.C. Cir. 1990)) (emphasis added). But in that case, the court found no exhaustion because the plaintiff requester had not appealed the agency's refusal to waive fees. Here, Plaintiff did file an administrative appeal and the statutory period for making a determination lapsed months ago.

It is disingenuous, illogical and unfair of Defendant to hold the FBOP's failure to respond to Plaintiff in any manner whatsoever against Plaintiff – especially when Defendant invited Plaintiff to narrow the scope of its request. Plaintiff was thwarted by Defendant in its effort to modify its request to meet its needs at a lower cost by failing to respond to Plaintiff's repeated

4

inquiries for additional information. Pursuant to FOIA, Plaintiff has fully satisfied the statutory requirements for exhausting its administrative remedies prior to seeking judicial relief.

**B. Defendant's Arguments Regarding the Propriety of the FBOP's Fee Estimate Are Immaterial to Its Motion to Dismiss for Lack of Subject-Matter Jurisdiction under Rule 12(b)(1).**

Defendant's arguments asserting that the FBOP's actions were not arbitrary and capricious are immaterial to a motion to dismiss for lack of subject matter under Rule 12(b)(1). Defendant is trying prematurely to raise summary judgment arguments regarding the merits of Plaintiff's case in a responsive pleading prior to any discovery. Thus, these arguments are improperly raised by Defendant and should be ignored in the disposition of Defendant's motion.

Moreover, the strength of Plaintiff's case is not a factor in determining the Court's subject-matter jurisdiction. When evaluating a motion to dismiss for lack of subject-matter jurisdiction under FCRP 12(b)(1), the Court "'must accept as true all of the factual allegations contained in the complaint.'" *Scandinavian Satellite Satellite Sys, AS v. Prime TV Ltd.*, 291 F.3d 839, 844 (D.C. Cir. 2002) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n. 1, 122 S. Ct. 992, 995 n. 1, 152 L.Ed. 2d 1 (2002)). In determining whether an agency action was arbitrary, capricious, or otherwise not in accordance with the law, the court must determine whether the agency has articulated a "rational connection between the facts found and the choice made." *Kisser v. Cisneros*, 14 F.3d 615, 619 (D.C. Cir. 1994). Given the highly factual nature of this inquiry, the Court must accept Plaintiff's version of the facts as true and that FBOP's decision was arbitrary for purposes of this motion. Only those facts affecting the jurisdiction of

5

the Court over Plaintiff's claims should be considered in evaluating Defendant's motion to dismiss.

Federal District Courts have original jurisdiction of all civil actions arising under the laws of the United States. *See* 28 U.S.C. § 1331. As judicial review is clearly provided under both FOIA, 5 U.S.C. § 552(a)(6)(E)(iii), and the Administrative Procedures Act ("APA"), 5 U.S.C. § 702, the relevant inquiry is whether Plaintiff has complied with the requirements those statutes. As noted above, Plaintiff clearly complied with the requirements of exhaustion under FOIA.

To bring a suit under the APA, the FBOP decision has to be sufficiently final. *See* 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review"). Defendant does not challenge the finality of the FBOP's decision. Further, Plaintiff respectfully asserts that by complying with the procedures provided in 28 C.F.R. Part 16, the FBOP's decision became final when Defendant failed to timely provide a determination in response to the December 17, 2004 appeal. Accordingly, the jurisdictional facts clearly show that this Court has subject-matter jurisdiction over both Plaintiff's APA and FOIA claims.

**C.    The FBOP's Estimated Search and Duplication Fees Were Arbitrary and Capricious.**

The FBOP's estimated search and duplication fees are excessive for the ten (10) document requests. Defendant sets forth several contrived reasons to justify the outrageous fees: (1) the documents are stored in two locations: Yazoo City, Mississippi and Suitland, Maryland; (2) In the Yazoo location, the documents are stored in 15 five-drawer file cabinets; (3) In the Suitland location, the documents are stored in 54 boxes; and (4) the documents may be out of order because the boxes and cabinets were scheduled for destruction. Def.'s Mot. to Dismiss at

6

7. These are simply excuses. It is implausible that it would take any functional human being 1,550 hours to open and peruse 15 file cabinets and 54 boxes in search of the requested documents. In fact, it is likely that the average professional employee could perform at least a cursory review of such cabinets and boxes in one business day.

The Declaration of Ruthlee Gowins is proof that the fee estimate is arbitrary. Ms. Gowins does not even attempt to explain the basis for her estimate that it will take 1,550 hours of staff time to search through documents to respond to Plaintoff's FOIA request. There is no mention whatsoever of where the documents were located, who was responsible for them or what order they were in when they were located. She also states that a duplication of "7000 pages could be involved." Decl. of Gowins at para. 7. She states "could" rather than "would" because she is making an arbitrary guess and has not asked the Construction and Contracting Section of the FBOP to even open the 15 file cabinets in Yazoo City or the 54 boxes in Suitland even one inch to make that estimate. The FBOP can't have it both ways. If it was too burdensome to open the 15 file cabinets and 54 boxes to estimate how long the search would take and how many pages would need to be duplicated, that is proof that the fee estimates based on 7,000 pages were completely arbitrary. At a minimum, such statements evince a question of material fact, which Plaintiff should be given the opportunity to explore through deposition and other discovery means.

The Declaration of Richard J. Formella is further proof that the fee estimate is arbitrary. Mr. Formella actually makes the statement: "Without knowledge of exactly how many pages of information are located in each drawer and each box, and assuming that each drawer is and box is full, a best estimate of one minute of search time per page of information would be necessary to determine if the document was responsive." Formella Decl. at para. 5. This is a classic case

of arbitrariness. It is the very definition of arbitrariness if Mr. Formella is the custodian of the documents and he could not take the time to peek into the file cabinets or the boxes to see whether, in fact, the file cabinet drawers and boxes were actually full – rather than just guessing that they were full and basing an estimate on that. He continues on to state: "The aforementioned figures are only estimates and could very well change once an actual physical search of file cabinets and boxes are conducted; therefore, the amounts being charged could drastically increase." Formella Decl. at para. 6. Mr. Formella has admitted that there was absolutely no attempt by the very person in charge of the documents to physically look at the documents before deciding that each page required one full minute to evaluate and that Plaintiff needed to pay $44,100, and possibly more, for access to the documents it lawfully requested under FOIA. Plaintiff should also have the opportunity to further explore Mr. Formella's testimony during a deposition as well.

Finally, Defendant's rejection of Plaintiff's request to perform its own review in Yazoo City and in Suitland on the basis that Plaintiff might see documents that might be subject to redaction or withholding is astounding in light of the fact Defendant failed to even respond to Plaintiff's November 9, 2004 letter regarding the FOIA request, much less perform a cursory physical search itself. This is a case of stonewalling by the FBOP and is not within the bounds of reasoned decision-making. The very purpose of FOIA is to expedite the handling of these types of requests to contribute to the fuller and faster release of publicly-available information. Thus, Defendant's failure to respond to Plaintiff at all is not acceptable in light of the very objective of FOIA itself.

Furthermore, should the court consider Defendant's arguments regarding the propriety of the FBOP's decision as a motion for summary judgment under Rule 56, the surprising

revelations in Defendant's own supporting declarations noted above show that at the very least there are genuine disputes of material fact that should be resolved prior to a resolution of the arbitrariness of the FBOP's decision. Summary judgment is only warranted if viewing the evidence in the light most favorable to the non-movant, the movant is entitled to prevail as a matter of law. *Sherwood v. Washington Post*, 871 F.2d 1144, 1145 (D.C. Cir. 1989). Here, the declarations clearly raise material issues with regard to whether the FBOP complied with the requirements of FOIA and acted arbitrarily in responding to Plaintiff's requests for documents.

Accordingly, Plaintiff asks the Court to deny Defendant's motion to dismiss this action in its entirety under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

DATED: July 28, 2005                     /s/
                                         Tenley A. Carp
                                         D.C. Bar No. 432491
                                         Attorney for Plaintiff, The Haskell Company

                                         McGuireWoods LLP
                                         1050 Connecticut Avenue N.W., Suite 1200
                                         Washington, DC 20036-5317
                                         Tel: 202-857-1741
                                         Fax: 202-828-2969