UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE HASKELL COMPANY** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**U.S. DEPARTMENT OF JUSTICE,** *et. al.* )<br>)<br>)<br>**Defendants.** )<br>)<br>_____) | Civil Action No. 05-1110 (RMC) |

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendants, U.S. Department of Justice *et. al.* respectfully submit this reply in support of their motion to dismiss. Plaintiff brings this action against the Federal Bureau of Prisons ("BOP"), a component of the U.S. Department of Justice, and Alberto Gonzales, in his official capacity as Attorney General, under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Administrative Procedure Act, 5 U.S.C. § 701 et. seq., ("APA"), seeking the release of documents related to the "construction of two Federal Correctional Institutions in Yazoo City, Mississippi." See Pl's Complaint ¶¶ 1, 6.

However, as delineated in Defendants' Motion to Dismiss, this Court does not have jurisdiction to hear Plaintiff's claims because the record demonstrates that Plaintiff failed to exhaust its administrative remedies. Specifically, the BOP has not received from Plaintiff any payment of the fees owed. Moreover, Plaintiff has not requested a fee waiver, or explained why it would be entitled to a fee waiver. Accordingly, pursuant to Fed. R. Civ. P. 12 (b)(1) this case should be dismissed in its entirety.

Plaintiff alleges that the factual and procedural background provided by Defendants is inaccurate. Plaintiff's allegation is simply not supported by the record. Plaintiff fails to indicate which facts are allegedly inaccurate. Indeed, in its Opposition, Plaintiff proceeds to restate facts that in no noticeable way differ from those stated by Defendants. While already described in detail in Defendants' Motion, the following is a brief recitation of the facts, all of which are supported by documentary evidence (See Defendant's Motion, attachments A-G) and have not been disputed by Plaintiff:

- On or about March 18, 2004, Plaintiff electronically submitted a FOIA request to the BOP for twelve distinct document types.

- By letter dated May 13, 2004, BOP informed Plaintiff that the voluminous records request would involve a "lengthy search for responsive documents" involving 2,950 search hours, resulting in estimated search fees of $82,600.00 and reproduction fees of $1,000.

- Four months after the initial request, by letter dated July 7, 2004, Plaintiff submitted a revised FOIA request with a narrowed search. Specifically, the request was narrowed to ten distinct document types.

- By letter dated October 20, 2004, the BOP advised Plaintiff that the estimated fees of the revised request would be $43,400.00 in search fees and $700.00 in duplication fees (for a total of $44,100.00).[1] The estimated search time for the revised request was 1,550 hours.[2]

---

[1] The fees were estimated, therefore any amount charged over the actual cost would have been refunded to Plaintiff.

[2] Defendants' estimated search time may seem extensive when viewed blindly and without supporting documentation, but in this case, supporting information has been provided.

- Shortly thereafter, by letter dated November 9, 2004, Plaintiff demanded that the BOP list the documents by volume and state the number of hours anticipated for each individual request.  In the alternative, Plaintiff requested entry into a federal facility to search and retrieve the documents.

- By letter dated December 17, 2004, Plaintiff appealed BOP's fee estimate.

- As of this date, the BOP has not received any payment of any fees owed.  Moreover, Plaintiff never requested a fee waiver, or explained why it would be entitled to a fee waiver.

**A.  The Record Demonstrates that Plaintiff Has Failed to Exhaust All Administrative Remedies**

Plaintiff alleges that Defendants' "manipulated" the facts to evince Plaintiff's failure to exhaust administrative remedies.[3]  Plaintiff also alleges, despite prodigious amounts of case law to the contrary, that payment of fees is not required to exhaust.  In support of this argument, Plaintiff appears to allege that the twenty day time limit for the processing on an initial FOIA

---

Specifically, Defendants' motion (and the declaration of Richard Formella) explained that the documents sought by Plaintiff, which were slated for destruction, are not maintained in a fashion that would allow for orderly review and removal.  The review for responsive documents requires an individual familiar with the documents to read, review, and make a determination of every page of every document located in 75 file drawers and 54 boxes.  In addition, both the cabinets and the boxes contain numerous documents not associated with Plaintiff's request further complicating such a search.

[3] It is actually Plaintiff, not Defendant, that has manipulated the facts.  For example, Plaintiff claims that the BOP's search estimate would require "One individual working 40 hours a week over the next _three years and two months._"  See Plaintiff's Opposition to Defendant's Motion, page 2.  However, simple math demonstrates that the amended estimate of 1550 hours divided by a forty hour work week results in approximately thirty eight weeks of search time.

request begins anew with each correspondence submitted to an agency in relation to a request.[4] Plaintiff, however, submits no legal or factual support for this contention.

To the contrary, the law is clear that whether the agency has met or exceeded its twenty-day time limit for the processing of an initial response to a request, its twenty-day time limit for the processing of administrative appeals, or its ten-day extension of either time limit, requesters have been deemed not to have constructively exhausted administrative remedies when they have failed to comply with necessary requirements of the FOIA's administrative process, such as, when they have failed to comply with fee requirements. See Pollack v. Department of Justice, 49 F.3d 115, 119-20 (4th Cir. 1995) (rejecting plaintiff's novel argument that untimeliness of agency response required it to provide documents free of charge); Dale v. IRS, 238 F. Supp. 2d at 99,107 (D.D.C. 2002) (dismissing Complaint for failure to claim or establish entitlement to fee waiver or, alternatively, to commit to payment of fees); Trueblood v. United States Dep't of the Treasury, 943 F. Supp. 64, 68 (D.D.C. 1996) (Regardless of whether the plaintiff filed suit before or after receiving a request for payment, the plaintiff has an obligation to pay for the reasonable copying and search fees assessed by the defendant.).

Likewise, case law supports Defendant's position that FOIA requesters are required to comply with fee regulations prior to exhaustion occurring. A requester has not exhausted FOIA remedies unless all relevant fees have been paid or the requester has filed an appeal to waive

---

[4] Specifically, Plaintiff suggests that the operative statutory time for BOP to respond commenced upon receipt of its November 9, 2004, letter in which Plaintiff demanded that the BOP list the documents by volume and state the number of hours anticipated for each individual request. On its face, the November 9, 2004, letter is not a FOIA request - Plaintiff is seeking the justification of the costs associated with the search, or permission to enter into BOP's secure facilities to conduct its own search.

fees.  See  Schwarz v. United States Dep't of Treasury, 131 F. Supp. 2d 142, 148 (D.D.C. Nov 30, 2000) (Exhaustion of administrative remedies...includes payment of required fees or an appeal within the agency from a decision refusing to waive fees."); Oglesby v. U.S. Dept. of Army, 920 F. 2d at 66 & n. 11, 71 (D.C. Cir. 1990) (Exhaustion does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees."; Judicial Watch, Inc. v. FBI, 190 F. Supp. 2d 29, 33 (D.D.C. March 21, 2002) (same).

      Plaintiff's application of Trueblood represents Plaintiff's misunderstanding of the law and Plaintiff's obligations under it.  As Plaintiff correctly notes, the Court in Trueblood held that "[e]xhaustion of [administrative remedies] does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees."'  Trueblood at 68 (quoting Oglesby at 66).  However, the record contains no indication that Plaintiff ever paid the search fees, and Plaintiff is not asserting it did pay.  Moreover, the record contains no indication that Plaintiff ever requested a fee waiver, and Plaintiff is not asserting that it did, in fact, request a fee waiver.  Thus, the record clearly demonstrates that Plaintiff has failed to exhaust its administrative remedies and Plaintiff's mysterious application of Trueblood to support its position is confounding.  Accordingly, because the record demonstrates that Plaintiff failed to exhaust its administrative remedies, Plaintiff's case must be dismissed in its entirety.

**B. The Search and Copy Fees Charged By the Bureau of Prisons Was Not Arbitrary and Capricious**

      Plaintiff first asserts that any argument made by BOP that its fee assessment was arbitrary and capricious is immaterial to a motion to dismiss, and should be ignored by the Court.  Plaintiff then reminds the Court that when evaluating a motion to dismiss for lack of subject matter jurisdiction the court must accept as true all of the factual allegations contained in the

complaint. It appears that Plaintiff wants the court to accept allegations as facts. The record demonstrates that BOP has not disputed any actual factual allegations in Plaintiff's complaint such as: the *fact* a request was submitted, the *fact* a fee letter was issued, the *fact* the Plaintiff reformulated their request, the *fact* that a new estimate was provided, the *fact* that no fees have been paid, or even the *fact* that the Defendant did not respond to the last correspondence which, in *fact*, did not contain a modification of the request. Indeed, Plaintiff failed to state any *fact* to support their claim that the actions of the Bureau of Prisons were arbitrary and capricious.

More importantly, whether or not an action was arbitrary or capricious is an issue of law, not fact. See Judicial Watch, Inc. v. U.S. Dept. of Justice, 122 F. Supp. 2d 5. (D.D.C. 2000). And, further, Plaintiff bears the burden of establishing subject matter jurisdiction. See Miller v. United States, 710 F.2d 656, 662 (10th Cir.), cert. denied, 464 U.S. 939 (1983); Baird v. United States, 653 F.2d 437, 440 (10th Cir. 1981), cert. denied, 454 U.S. 1144 (1982); Dickson v. United States, 831 F. Supp. 893, 896-897 (D.D.C. 1993), aff'd 48 F.3d 562 (D.C. Cir. 1995). A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways. First, the court may determine the motion based solely on the complaint. Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See id. Applying these standards, the Court should dismiss Plaintiff's Complaint in its entirety.

In support of its argument that BOP's fee estimate was arbitrary and capricious, Plaintiff states:

> "It is implausible that it would take any functional human being 1,550 hours to open and peruse 15 file cabinets and 54 boxes in search of the requested documents. In fact, it is

>likely that the average employee could preform at least a cursory review of such cabinets and boxes in one business day"

Plaintiff clearly does not understand the duty owed in relation to a FOIA request. An agency does not have the luxury of a "cursory review," but must undertake a search that is "reasonably calculated to uncover all relevant documents." Campbell v. United States Dep't of Justice, 164 F.3d 20, 27 (D.C. Cir 1998)(noting that an agency must search using methods which can be reasonably expected to produce the information requested.) Simply put, a cursory review of seventy-five file drawers, and fifty-four boxes of files and papers in no particular order or condition, would not reasonably result in producing the records specifically requested by the Plaintiff in this case.

Plaintiff then attacks the declaration of Ruthlee Gowins as proof that BOP's search fee assessment was arbitrary and capricious alleging that Ms. Gowins did not attempt to explain the basis of the estimate. Ms. Gowins' declaration was not submitted to explain the basis of the estimate as she was not the decision-maker in relation to the estimate. Rather, the declaration of Richard Formella was submitted to show the steps taken in determining the estimated expenses. Plaintiff also attacks Mr. Formella's declaration because he could not state an exact number of pages nor did he "peek" in the files at issue. Indeed, Mr. Formella is the individual responsible for the maintenance of the records in question, thus it would not be necessary for him to "peek" or "guess" at the amount of documents involved in the processing of this request.

Moreover, the May 13, 2004, and October 20, 2004, fee assessment letters from BOP demonstrate that BOP's fees were not arbitrary and capricious. Specifically, once Plaintiff narrowed its FOIA request, the BOP adjusted its search fee assessment, and the cost associated with the search and duplication decreased. Thus, these letters evidence that the way BOP is

computing its fees is not arbitrary and capricious because there is a firm relationship between the amount of work that BOP will be required to perform to find the information sought and the cost.

The BOP's imposition of $ 43,400.00 in search fees was neither arbitrary nor capricious, and Plaintiff has failed to demonstrate otherwise. The amount was based on a specific fee amount as outlined by federal regulation, in relation to a specified number of estimated hours. Without affidavits proving "allegations of impropriety in setting the fees," the BOP owes no duty to Plaintiff to undertake this excessively time consuming and expensive exercise, especially when the financial burden falls squarely on the Plaintiff. Nat'l Treasury Employees Union v. Griffin, 811 F.2d 644, 650 (D.C. Cir. 1987).

## **CONCLUSION**

The record clearly demonstrates that Plaintiff has failed to pay the required fees, or request a fee waiver, or even explain why it would be entitled to a fee waiver. Plaintiff alleges is it not required to pay fees in order to exhaust its administrative remedies, but fails to submit law or analysis to support this claim. On the other hand, Defendants have shown that not only were no fees paid in relation to this request, but that payment of such fees are required prior to exhaustion. See e.g., Schwarz v. United States Dep't of Treasury, 131 F. Supp. 2d 142, 148 (D.D.C. Nov 30, 2000). Plaintiff also alleges, with no supporting law or facts, that the BOP's fee estimate was arbitrary and capricious. However, Defendants have demonstrated that its assessment of search and duplication fees was not arbitrary and capricious but based on specific fee amounts as outlined by federal regulation and by an evaluation of the request by the individual who maintains the records in question. Accordingly, Defendant's motion should be granted and this matter should be dismissed.

August 3, 2005                               Respectfully submitted,

_____
KENNETH L. WAINSTEIN
D.C. Bar No. 451058
United States Attorney

_____
R. CRAIG LAWRENCE
D.C. Bar No. 171538
Assistant United States Attorney

_____
JULIA K. DOUDS
Special Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
(202) 514-5134